NEELOFAR SIDDIQUI, Appellant, v SALEEM SIDDIQUI, Respondent. [968 NYS2d 145]—

In an action, inter alia, for a judgment declaring that a foreign divorce obtained by the defendant is void and unenforceable, the plaintiff appeals from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered August 12, 2011, which denied her motion for summary judgment declaring, among other things, that the foreign divorce is void and granted the defendant's cross motion, inter alia, in effect, for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff and the defendant were married in Pakistan in 1994 and subsequently moved to the United States. In 2005, the defendant commenced divorce proceedings in New York. The plaintiff alleges that while the divorce proceedings were pending in New York, the defendant, purportedly without her knowledge, obtained a divorce by performing *talaq* in Pakistan. Under Pakistan's Muslim Family Laws Ordinance, a man may obtain a divorce by performing *talaq*, which consists of stating or writing three times that the man is divorcing his wife, and following various other procedures. In particular, written notice of the pronouncement of *talaq* must be given to a certain Pakistani governmental official, and a copy of such notice must be provided to the wife. The divorce will be given effect by the Pakistani government upon the expiration of 90 days from the day on which such notice was delivered to the governmental official. A woman does not have a right to *talaq* without her husband's permission.

In June 2008, after obtaining the foreign divorce, the defendant withdrew the divorce pleadings in New York. He subsequently remarried in July 2009. In August 2010, more than two years after the parties were divorced under Pakistani law, the

plaintiff commenced this action, inter alia, for a judgment declaring that the foreign divorce is void and unenforceable and that the defendant's subsequent remarriage is void, bigamous, and illegal. The plaintiff moved for summary judgment declaring, among other things, that the foreign divorce is void, and the defendant cross-moved, inter alia, in effect, for summary judgment dismissing the complaint. The Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. We affirm, but limit our holding to the particular facts and circumstances of this case.

The Supreme Court properly denied the plaintiff's motion and granted the defendant's cross motion. The defendant set forth evidence in the form of, inter alia, an affidavit of service of the foreign divorce decree which established that the plaintiff was, at the very least, notified of the foreign divorce several weeks before it was given effect by the Pakistani government, but did not challenge the validity of the divorce until more than two years later (*cf. Tarikonda v Pinjari,* 2009 WL 930007, 2009 Mich App LEXIS 733 [2009]). In the interim, the defendant, in reliance on the divorce, remarried. Moreover, the foreign divorce obtained by the defendant simply terminated the parties' marriage, while the parties have filed petitions in the Family Court to determine issues of child custody, maintenance, and child support (*cf. Aleem v Aleem,* 404 Md 404, 974 A2d 489 [2008]). Under these particular circumstances, the plaintiff is not entitled to the declaratory relief she seeks.

We express no opinion on the issue of whether the foreign divorce is fundamentally offensive to the public policy of this State.

The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination. Balkin, J.P., Hall, Austin and Cohen, JJ., concur.